IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANCIL EARL JACOBS, #264146, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-713-TMH |
| ) | [WO] |
| ) | |
| CARLA WOODALL, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Stancil Earl Jacobs ["Jacobs"], an indigent state inmate, on July 29, 2009. In this complaint, Jacobs alleges Carla Woodall, the Circuit Clerk for Houston County, Alabama, denied him access to court and deprived him of equal protection by following state law in refusing to provide him free copies of numerous documents related to his 2005 criminal convictions. Jacobs seeks issuance of "an order for the defendant . . . to provide the plaintiff . . . . all documents that the plaintiff previously [requested]. . . ." Compl. (Doc. No. 1) at 4.

The defendant filed a special report and supporting evidentiary materials addressing each of Jacobs' claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to construe the report as a motion for summary judgment. Sept. 9, 2009 (Doc. No. 8). Thus, this case is now pending on the defendant's motion for summary judgment.

Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes the defendant's motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word – genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing the prior versions of the rule remain equally applicable to the current rule.

material fact or by showing the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendant has met her evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record, including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed – show that the movant is entitled to it.") A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263. Consequently, to survive the defendant's properly supported motion for summary judgment, Jacobs is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty*

*Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant.

*United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face, or which can be reduced to admissible form, indicates there is no genuine dispute of material fact and establishes the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Jacobs fails to demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

### III.  DISCUSSION

#### A.  Uncontested Material Facts

On April 8, 2009, Jacobs submitted a request to Woodall for certified copies of numerous documents from his 2005 criminal cases tried before the Circuit Court of Houston County, Alabama. Woodall responded to Jacobs informing him that "[d]ue to budget cuts and lack of personnel" she could not make copies for him free of charge. Def.'s Ex. 1 (Doc. No. 6-1) at 3. Woodall also cited state law as support for the denial of free copies. Specifically, she referenced *Ex parte Gill*, 841 So.2d 1231, 1234 (Ala. 2002), in which the Alabama Supreme Court held the open records statute allowing citizens access to public documents, Ala. Code § 36-12-40, "does not entitle [inmates] to free copies or to funds to pay for copies." Def.'s Ex. 1 (Doc. No. 6-1) at 3. Woodall then advised Jacobs "[a]ny person may come in [to the clerk's office] and make copies for you. Further, if you have an

attorney or your case is over and you had an attorney, he or she will have a copy of everything in your court file." *Id*.

Jacobs alleges the defendant's failure to provide him free copies deprived him of access to court as he sought the documents for the purpose of preparing a state post-conviction petition. Jacobs further argues the denial of free copies violated his right to equal protection because he is indigent. Woodall denies she acted in violation of Jacobs' constitutional rights and maintains applicable state law and directives prohibited the provision of free copies to Jacobs.[2]

## B. Access to Court

---

[2] Under applicable state law, "'[e]very citizen has a right to inspect and take a copy of any public writing of this state, except as otherwise expressly provided by statute.' [Ala. Code § 36-12-40]. No statute denies this right to inmates or felons . . . . [Despite allowing access to public records], § 36-12-40 does not authorize a citizen to shift to the custodian of public writings . . . the expense of copying those [documents] and does not require the custodian to undertake the burden and expense of mailing or otherwise delivering the copies. Rather, any inspection of the writings and any identification of the ones to be copied must be performed by the citizen or his or her agent (simply another citizen) under such reasonable safeguards as the custodian may impose for the preservation of the writings. Likewise, the burden and expense of copying the writings and taking the copies must be borne by the citizen or his or her agent as provided by law, *see, e.g.*, § 36-12-41, Ala. Code 1975, and Rule 30, Ala. R. Jud. Admin., or as required by such reasonable safeguards as the custodian may impose . . . . [In this case, the pro se inmate plaintiff] . . . did not tender any payment for copies to be made. Likewise, he did not present himself at the circuit clerk's office or send an agent . . . to make such copies, to pay the circuit clerk to make them, or to take delivery of them; and § 36-12-40 does not entitle inmates to any relief from their incarceration or to any transportation to the custodian's office to accomplish those tasks and [the statute] does not entitle [inmates] to free copies or to funds to pay for copies . . . . [The inmate plaintiff] had no legal right, much less a clear legal right, to require the circuit clerk . . . to copy [the requested documents], to deliver them to [the inmate], all in the absence of [the inmate] or his agent, and to bear the expense of such copying and delivery. Therefore, [the plaintiff] has no legal right, much less a clear legal right, to any relief from [the state court official from whom he sought copies]; and she has no duty, much less an imperative duty, to grant him any relief under these circumstances." *Ex parte Gill*, 841 So.2d at 1233-34. In addition, the Alabama Administrative Office of Courts issued a directive to state court clerks effective January 1, 2007 mandating that clerks provide copies only upon receipt of prepayment of all costs attendant to copying. Def.'s Ex. 1 (Doc. No. 6-1) at 5-6.

The law directs that incarcerated persons are entitled to "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). An inmate's right of access to the courts, however, is not unlimited. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). In *Lewis v. Casey*, 518 U.S. 343 (1996), the Supreme Court clarified and limited the right to assistance recognized in *Bounds*. Specifically, the Court held that "an inmate alleging a violation of *Bounds* must show actual injury" arising from the alleged inadequacies in the law library, legal assistance program or access provided by officials. *Lewis*, 518 U.S. at 349. In identifying the particular right protected by *Bounds*, the Court explained that *Bounds* did not require "that the State . . . enable the prisoner to **discover grievances**, and to **litigate effectively** once in court . . . . To demand the conferral of such sophisticated legal capabilities upon a mostly uneducated and indeed largely illiterate prison population is [not something] . . . the Constitution requires." *Id*. at 354 (emphasis in original). The Court similarly rejected the argument that the mere claim of a systemic defect, without a showing of actual injury, presented a claim sufficient to confer standing. *Id*. at 349. Moreover, *Lewis* emphasized that a *Bounds* violation is related to the lack of an inmate's capability to present claims. 518 U.S. at 356. "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts. When any inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or

rejected, or that the presentation of such a claim is currently being prevented, because this capability of filing suit has not been provided, he demonstrates" the requisite actual injury. *Lewis*, 518 U.S. at 356. Finally, the Court discerned that the injury requirement is satisfied only when an inmate has been denied "a reasonably adequate opportunity to file nonfrivolous legal claims challenging [his] convictions . . . . [I]t is that capability, rather than the capability of [perusing documents associated with his convictions], that is the touchstone." *Id*. at 356-57. "[T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts – a more limited capability that can be produced by a much more limited degree of legal assistance." *Id*. at 360. In addition, it is well settled that an indigent individual has no constitutional right to free copies of his transcript or other court records for use in seeking post-conviction collateral relief. *United States v. MacCollom*, 426 U.S. 317, 324-25 (1976); *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir. 1975) (An inmate seeking collateral review of his conviction is not entitled to a free copy of court documents "merely because he is indigent."); *Smith v. Beto*, 472 F.2d 164, 165 (5th Cir. 1973) (indigent inmate has no constitutional right to free copy of trial transcript for use in pursuing state post-conviction remedies and failure to provide such copy did not violate inmate's equal protection rights); *Colbert v. Beto*, 439 F.2d, 1130, 1131 (5th Cir. 1971) (no constitutional right to free copies of records solely because individual lacks funds to purchase copies); *United States v. Peralta-Ramirez*, 266 F. App'x 360, 361 (5th Cir. 2008) ("An indigent [prisoner] has no

9

constitutional right to acquire a fee copy of his transcript or other court records for use in a collateral proceeding."); *see also Wanninger v. Davenport*, 697 F.2d 992, 994 (11th Cir. 1983) ("jail officials do not necessarily have to provide a prisoner with free, unlimited access to photocopies of legal [materials] in order to protect the prisoner's right to access to the courts.").[3]

The record establishes Jacobs took part in the state criminal proceedings which constitute the foundation of his request for copies. He therefore had either actual or constructive knowledge of the factual basis for any claims he sought to present in a state post-conviction petition and could have presented his claims to the Circuit Court of Houston County without access to other information or documents associated with his state court proceedings. Jacobs needed nothing more "to proceed with filing a [post-conviction] petition." *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002), *cert. denied* 537 U.S. 1121, 123 S.Ct. 856 (2003); *McCleskey v. Zant*, 499 U.S. 467, 500 (1991) (where a petitioner has at least constructive knowledge of the factual basis for his claims there is no impediment to the filing of a post-conviction petition).

Jacobs has neither alleged nor shown that his lack of access to documents contained in his criminal files prevented him from presenting claims to the state courts. Jacobs likewise fails to identify any non-frivolous claims he sought to litigate in the state courts.

---

[3] Opinions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent on this court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Jacobs, despite lacking physical access to documents in his criminal cases, clearly retained the capability to prepare a post-conviction petition. "A proceeding under [Rule 32] is commenced by filing a petition, verified by the petitioner, with the clerk of the court" accompanied by either the requisite filing fee or an application to proceed in forma pauperis. Ala. R. of Crim. P. 32.6(a). Consequently, commencement of a Rule 32 action is not dependant upon provision of documents from the trial record and state courts routinely accept post-conviction motions from *pro se* inmates with no evidentiary materials as these individuals rarely have access to such documents. Moreover, the record before this court indicates at the time Jacobs sought documents from the circuit clerk any potential post-conviction claims were precluded from review by the procedural bars contained in Rule 32.2(a) and/or the one-year period of limitation set forth in Rule 32.2(c).

The record herein is devoid of evidence showing the actions of Woodall deprived Jacobs of "a reasonably adequate opportunity to present [nonfrivolous] claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825, 97 S.Ct. at 1496. Jacobs utterly and completely fails to present evidence establishing the challenged denial of copies deprived him of the ***capability*** of pursuing meritorious claims in the state courts. Thus, Jacobs does not establish he suffered the requisite injury, *Lewis*, 518 U.S. at 356, and the defendant is therefore entitled to summary judgment on the access to court claim. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (access to courts claim fails because plaintiff did not show any actual injury); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991)

(inmate entitled to no relief on access to courts claim in "the absence of any indications of ultimate prejudice or disadvantage . . . .").

### C. Equal Protection

"Despite the tendency of all rights 'to declare themselves absolute to their logical extreme,' there are obviously limits beyond which the equal protection analysis may not be pressed . . . . The Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,' . . . nor does it require the State to 'equalize economic conditions.'" *Ross v. Moffitt*, 417 U.S. 600, 611-12 (1974); *Hammond v. Auburn Univ.*, 669 F.Supp. 1555, 1563 (M.D. Ala. 1987) ("The Equal Protection Clause of the Fourteenth Amendment does not require all persons to be treated either identically or equally."). To establish a claim cognizable under the Equal Protection Clause, "a prisoner must [at a minimum] demonstrate that (1) he is similarly situated to other [individuals] who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on . . . some . . . constitutionally protected basis [when denying him the treatment afforded other similarly situated individuals]. *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001); *Damiano v. Florida Parole and Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986)." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact . . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65

(1977). "'Discriminatory purpose' . . . implies . . . ***that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group***." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted) (emphasis added); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or even arbitrary administration of state powers, rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp,* 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987).

Since this case is before the court on a properly supported motion for summary judgment from the defendant, Jacobs bears the burden of producing evidence which would be admissible at trial sufficient to show the defendant provided more favorable treatment to other similarly situated individuals and acted in this manner due to intentional discrimination. *Celotex*, 477 U.S. at 322-24; *Anderson*, 477 U.S. at 249 (to preclude summary judgment, plaintiff must present significant probative evidence showing defendant provided more favorable treatment to similarly situated persons and did so as the result of intentional discrimination); *E & T Realty Co. v. Strickland*, 830 F.2d 1107, 1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988) (Intentional discrimination on the part of the defendant in providing the challenged disparate treatment is required. "Mere error or mistake in judgment" or "[e]ven arbitrary administration of a statute, without purposeful discrimination, does not violate the equal protection clause."). The plaintiff cannot rest on conclusory

allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson*, 477 U.S. at 252.

Jacobs argues he is entitled to free copies because he is indigent and to deny him copies is therefore violative of his equal protection rights. However, contrary to Jacobs' assertion, the Equal Protection Clause of "[t]he Fourteenth Amendment 'does not require absolute equality or precisely equal advantages,' . . . nor does it require the State to 'equalize economic conditions.'" *Ross*, 417 U.S. at 612. Additionally, as previously recognized, *infra* at pp. 9-10, *MacCollom* and its progeny establish that an indigent inmate has no constitutional right to free copies of trial documents for the purpose of preparing or litigating a post-conviction action. Absent the existence of a constitutionally protected liberty or property interest in the receipt of free copies, this court must "look to see if persons similarly situated to the plaintiff" – persons requesting copies from the clerk – "have been treated differently." *Hammond*, 669 F. Supp. at 1563; *Sweet*, 467 F.3d at 1318-19. Jacobs fails to identify any other similarly situated person towards whom the defendant acted in a more favorable manner; rather, the undisputed facts before the court clearly demonstrate Ms. Woodall does not provide free copies to anyone. "[Jacobs'] equal protection claim necessarily fails first because he has not shown that he was treated differently from other, similarly situated [individuals]." *Sweet*, 467 F.3d at 1319; *Hammond*, 669 F. Supp. at 1563 (emphasis in original) ("To the extent that any equal protection analysis is required [on the

plaintiff's assertion of discrimination], absent the plaintiff's establishing a clearly protected liberty or property interest by the Constitution . . . , this Court [must] look to see if persons similarly situated to the plaintiff have been treated differently . . . . [T]here is *no* evidence that any [individuals] in the same position as the plaintiff have been treated differently from the plaintiff. . . . The plaintiff has offered the Court nothing on which to base his equal protection claim. Accordingly, it is the opinion of this Court that the plaintiff's equal protection claim is without merit."). Moreover, Jacobs presents no evidence which suggests the defendant acted with the requisite discriminatory intent in denying him free copies. Under applicable federal law, the allegations presented by Jacobs are insufficient to demonstrate an equal protection violation. *Sweet*, 467 F.3d at 1319; *E & T Realty*, 830 F.2d at 1114-15; *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994); *Hammond*, 669 F. Supp. at 1563. Consequently, summary judgement is due to be granted in favor of the defendant on the plaintiff's equal protection claim.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendant's motion for summary judgment be GRANTED;

2. Judgment be GRANTED in favor of the defendant;

3. This case be dismissed with prejudice; and

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before February 10, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE